IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **YOLANDA M WILLIAMS,** *Plaintiff* | § § § § § § § | |
| v. | | 1:24-CV-00019-RP-SH |
| **WALMART INC.,** *Defendant* | | |

### ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Yolanda M Williams's Complaint (Dkt. 1), Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2), and Motion for Exemption of Pacer Fees (Dkt. 5), all filed January 5, 2024. The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman.

### I.   *In Forma Pauperis* Status

After reviewing Plaintiff's Application, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

1

As stated below, the Court has conducted a § 1915(e) review of the claims made in the Complaint and recommends that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on Defendant at that time.

## II. Section 1915(e)(2) Frivolousness Review

### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). "Some claims are so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy. Federal courts lack power to entertain these wholly insubstantial and frivolous claims." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (cleaned up).

A complaint fails to state a claim on which relief may be granted when plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.* While pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a plaintiff's *pro se* status offers "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## B.  Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)

Plaintiff invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331 and alleges that her civil rights were violated by Defendant Walmart Inc. Plaintiff alleges that since January 3, 2022, Walmart employees have discriminated against her and violated her "human rights and civil rights" because she is homeless. Dkt. 1 at 4. Plaintiff seeks more than $20 million in damages.

The proper vehicle to allege a violation of civil rights in federal court is 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . . .

To state a claim under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation omitted). Plaintiff fails to allege either of these elements.

3

Plaintiff does not identify which of her constitutional rights allegedly were violated and does not allege that the defendant was a state actor. Walmart is a private entity, and Walmart employees are private citizens. For a private citizen to be held liable under section 1983, the plaintiff must allege that the citizen "conspired with or acted in concert with state actors. . . . The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). Plaintiff alleges no facts supporting a conspiracy between Walmart employees and state actors in relation to this claim. The Court recommends that Plaintiff's lawsuit should be dismissed as frivolous under § 1915(e)(2) because she fails to allege a plausible claim for relief.[1]

### III.   ORDER

The Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) and **DENIES** Plaintiff's Motion for Exemption of Pacer Fees (Dkt. 5).

### IV.   RECOMMENDATION

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS with prejudice** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.

---

[1] Plaintiff is no stranger to this Court and has recently filed other frivolous civil rights suits against different defendants. *See Williams v. T-Mobile*, No. 1:23-CV-01508-DII-ML (W.D. Tex. Jan. 11, 2024) (Report & Recommendation to dismiss as frivolous under 28 U.S.C. § 1915(e)(2)(B)); *Williams v. Austin Bergstrom Int'l Airport*, No. 1:23-CV-01509-DII-DH (W.D. Tex. Dec. 11, 2023) (Motion to Proceed *In Forma Pauperis* pending); *Williams v. Austin Police Dep't*, No. 1:23-CV-01510-DII-SH (W.D. Tex. Jan. 5, 2024) (Report & Recommendation to dismiss as frivolous under 28 U.S.C. § 1915(e)(2)(B)).

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 18, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE